```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                    HAMMOND DIVISION
```

ANNA MANAGO,                    )
                                )
        Plaintiff,               )
                                 )   Cause No. 2:17-CV-267
    vs.                          )
                                 )
AUTO-OWNERS INSURANCE            )
COMPANY,                         )
                                 )
        Defendant.               )
_____

AUTO-OWNERS INSURANCE            )
COMPANY,                         )
    Counter-Plaintiff,            )
                                 )
    vs.                          )
                                 )
ANNA MANAGO,                     )
                                 )
    Counter-Defendant.            )

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Counterclaim, filed by Plaintiff and Counter-Defendant, Anna Manago, on August 29, 2017 (DE #17). For the reasons set forth below, the Motion to Dismiss Counterclaim (DE #17) is **GRANTED** and the counterclaim for declaratory judgment is stricken pursuant to Rule 12(f) because it is redundant.

BACKGROUND

Manago filed a complaint for breach of contract (Count I) and bad faith (Count II), stemming from Auto-Owners' failure to pay all of Manago's water damage claim caused by a frozen pipe on February 13, 2016. (DE #1.) In response, Auto-Owners filed its answer, affirmative defenses, and counterclaim for declaratory judgment. (DE #15.) Auto-Owners seeks a declaration that it owes no coverage under the policy for the loss that occurred on February 13, 2016.

Manago filed the instant motion to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that it should be dismissed because the counterclaim is duplicative and redundant of relief already sought. (DE #17.) Auto-Owners filed a response brief on September 12, 2017, arguing the counterclaim presents an actual case or controversy separate from Manago's breach of contract and bad faith claims, and seeks a different remedy. (DE #23.) Manago filed a reply on September 19, 2017. (DE #27.) The motion is therefore fully briefed and ready for adjudication.

DISCUSSION

Standards

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations other than fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and

plain statement" that the pleader is entitled to relief. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008). However, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678-79. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter . . . (1) on its own; or (2) on motion made by a party." A motion to strike that expedites litigation by removing "unnecessary clutter" should be granted. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Lincoln Nat'l Corp. v. Steadfast Ins. Co.*, No. 1:06-CV-58, 2006 WL 1660591, at *2 (N.D. Ind. June 9,

2006) ("[R]epetitious and unnecessary pleadings, such as a counterclaim that merely restates an affirmative defense, or which seeks the opposite effect of the complaint, should be stricken regardless of whether prejudice has been shown.").

Declaratory Judgment Counterclaim

Under the Declaratory Judgment Act, 28 U.S.C. §2201(d), this Court has discretion "to stay or to dismiss an action seeking a declaratory judgment" based on "considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). The Declaratory Judgment Act also states that: "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a) (emphasis added).

Federal courts have discretion to hear a declaratory judgment action. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 746-47 (7th Cir. 1987). "[I]f the declaratory judgment will clarify and settle the legal relations at issue and afford parties relief from insecurity and uncertainty, the declaratory judgment action is usually heard." *Intervisual Communications, Inc. v. Volkert*, 975 F. Supp. 1092, 1099 (N.D. Ill. 1997). However, courts often decline to hear a declaratory judgment counterclaim where such a counterclaim is found to be redundant of the substantive

4

claims raised by the plaintiff. *See Cincinnati Specialty, Underwriters Ins. Co. v. DMH Holdings, LLC*, No. 3:11-cv-357, 2013 WL 683493, at *4 (N.D. Ind. Feb. 22, 2013) (noting that a counterclaim for declaratory judgment may be stricken as redundant when the counterclaim restates the issues already before the court by virtue of the complaint).

Although parties typically seek to strike redundant counterclaims under Rule 12(f), in this case, Manago specifically moves to dismiss the counterclaim under Rule 12(b)(6). This Court faced a similar situation a few years ago in *Cincinnati Specialty,* where this Court noted that it:

> [F]inds no clear guidance from the Seventh Circuit precedent as to when a redundant counterclaim should be dismissed under Rule 12(b)(6), or alternatively, stricken under Rule 12(f). However, in the cases reviewed by the Court, the majority of Seventh Circuit district courts have disposed of redundant counterclaims via Rule 12(f). Regardless, because the Court finds ample grounds to strike [the] counterclaim for declaratory judgment under Rule 12(f), the Court need not address [the] motion to dismiss the counterclaim under Rule 12(b)(6).

*Cincinnati Specialty*, 2013 WL 683493, at *4 n.2. The Court will take the same approach to this case. Because it finds ample grounds to strike the counterclaim for declaratory judgment under Rule 12(f), it need not address the 12(b)(6) motion to dismiss the counterclaim for declaratory judgment.

The instant counterclaim seeks the same or substantially similar relief as sought in Auto-Owners' answer and affirmative

defenses.  The affirmative defenses assert that "[t]here is no coverage . . ." for the loss or claim under the Auto-Owners policy due to various exclusions of coverage.  (*See* Affirmative Defenses at ¶¶ 13, 15, 16 and 17 (DE #15).)  Moreover, the answer also denies coverage.  In this case, the counterclaim for declaratory judgment serves no useful purpose.  *See City of Highland Park v. Train*, 519 F.2d 681, 693 (7th Cir. 1975) (finding a court can properly decline to assume jurisdiction in a declaratory action when the other remedy would be more effective or appropriate); *Tempco*, 819 F.2d at 749.

In *Lincoln National*, the Court struck a counterclaim for declaratory judgment for redundancy when it simply "repackaged" its affirmative defenses. *Lincoln Nat'l Corp.,* 2006 WL 1660591, at *2. Similarly, in this case, the counterclaim merely repackages the affirmative defenses and answer. In *Lincoln National*, like here, the issues raised in the counterclaim are the same as the affirmative defenses; consequently, a judgment on Manago's breach of contract claim would resolve the issues raised in Auto-Owners' counterclaim for declaratory judgment.

Auto-Owners Insurance argues that courts "routinely construe the Declaratory Judgment Act's power to issue declaratory judgments in order to provide 'relief from uncertainty and insecurity with respect to legal relations.'" (DE #23 at 7 (quoting *Sears, Roebuck & Co. v. Am. Mut. Liab. Ins. Co.*, 372 F.2d 435, 438 (7th Cir.

6

1967).) This is true; however, the main purpose of a declaratory judgment it to permit a party to obtain a declaration of its rights and liabilities before proceeding with a course of conduct. For example, this court often sees insurance companies move for declaratory judgment before the insurance company makes its coverage determination asking for a judicial determination of its obligations under the policy, or when counsel is defending the insured under a reservation of rights. In this case, Auto-Owners has already made its decision and declined coverage. Here, where the substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action serves "no useful purpose" because the controversy has "ripened" and the uncertainty and anticipation of litigation are alleviated. *Tempco*, 819 F.2d at 749. The issue of whether Auto-Owners breached the insurance policy is already before the Court, which makes the counterclaim for declaratory judgment redundant.

CONCLUSION

For the reasons set forth above, the Motion to Dismiss Counterclaim (DE #17) is **GRANTED** and the counterclaim for declaratory judgment is stricken pursuant to Rule 12(f) because it is redundant.

**DATED: January 30, 2018**          **/s/ RUDY LOZANO, Judge**
                                     **United States District Court**