UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANNA MANAGO, <br>    Plaintiff, <br><br> v. <br><br> AUTO-OWNERS INSURANCE COMPANY, <br>    Defendant, <br><br> AUTO-OWNERS INSURANCE COMPANY, <br>    Counterclaim Plaintiff, <br><br> v. <br><br> ANNA MANAGO, <br>    Counterclaim Defendant. | CAUSE NO.:2:16-CV-267-RL-JEM |

## OPINION AND ORDER

This matter is before the Court on a Motion to Strike Affirmative Defenses [DE 20], filed by Plaintiff on September 5, 2017. Plaintiff requests that the Court strike several affirmative defenses as insufficient. Defendant filed a response on September 19, 2017, and Plaintiff filed a reply on September 26, 2017.

**I. Standard of Review**

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Ultimately, whether to strike material under Rule 12(f) is within the sound discretion of the court. *Talbot v. Robert Matthews*

*Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992). Affirmative defenses that "present substantial questions of law or fact" will not be stricken. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). Accordingly, motions to strike affirmative defenses "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). However, because affirmative defenses are pleadings, they must meet all pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)). "[B]are bones conclusory allegations" which "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims" will not meet this standard and may be stricken. *Id.* at 1295. Ultimately, whether to strike material under Rule 12(f) is within the sound discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

## II.      Analysis

Plaintiff argues that the Court should strike all twenty of Defendant's affirmative defenses.

### A.      First and Eighth Affirmative Defenses

Defendant's first affirmative defense is a statement that the complaint "fails to state a claim upon which relief can be granted." The eighth is similar, but focuses solely on attorney's fees, reading, "Plaintiff's prayer for attorney's fees and costs fails to state a claim upon which relief may be granted because Plaintiff is not entitled to recover attorney's fees to establish or contest insurance coverage." Plaintiff argues that these two statements are not properly pled as affirmative defenses, but instead simply recite the standard for a motion to dismiss. However, the former Federal Rule of Civil Procedure 84, now abrogated, and the accompanying Form 30 in the Appendix to the Rules, explicitly provided for failure to state a claim upon which relief may be granted as an affirmative

2

defense. *See Kimbrew v. Advocate Health & Hosps. Corp.*, No. 10 C 4531, 2010 WL 5135908, at *1 (N.D. Ill. Dec. 8, 2010) (declining to strike on the grounds that "[the] first defense, however, follows the form set forth in the Federal Rules of Civil Procedure") (citing Fed. R. Civ. P. Form 30); *Leon v. Jacobson Transp. Co.*, No. 10 C 4939, 2010 WL 4810600, at *2 (N.D. Ill. Nov. 19, 2010) ("[T]his language is specifically listed in Form 30, and Rule 84 explicitly states that the Forms 'suffice' under the rules."). Although Plaintiff is correct that the first affirmative defense is boilerplate and lacks any specific information, and the eighth affirmative defense fails to explain why Defendant believes Plaintiff is not be entitled to fees, these two affirmative defenses do meet the Rule 8 pleading standard and will not be stricken.

### B. Eleventh Affirmative Defense

Plaintiff argues that Defendant's eleventh affirmative defense violates the heightened pleading standard of Rule 9(c), which states, "when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c). Defendant's eleventh affirmative defense states, in its entirety, "Plaintiff failed to comply with all conditions precedent and/or subsequent to coverage under the Auto-Owners Policy." Defendant neither identifies any unmet condition nor explains how Plaintiff failed to meet it. Because this affirmative defense does not deny with particularity that the condition precedent has occurred, it does not comply with Rule 9(c) and will be stricken.

### C. Second, Third, and Eighteenth Affirmative Defenses

Defendant asserts defenses based on the doctrines of accord and satisfaction, statute of limitations, and unjust enrichment. Plaintiff argues that these affirmative defenses are unsupported factually and insufficient on their face, "amounting to nothing more than bare-bones, unsupported

3

legal conclusions." She also asserts that unjust enrichment is a quasi-contract remedy inapplicable to a case where the subject of the dispute is an actual contract. Defendant responds that whether that affirmative defense is applicable depends on whether Plaintiff asserts any theories of recovery outside the contract.

Federal Rule of Civil Procedure 8(c) requires that the party responding to a complaint state the affirmative defenses that it intends to raise. *See* Fed. R. Civ. P. 8(c). However, Rule 8 also requires that in addition to merely stating the affirmative defense, the party raising it must meet the pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain statement' of the defense . . . alleg[ing] the necessary elements of the alleged claims. *Heller,* 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)). The second, third, and eighteenth affirmative defenses lack factual support and do not include the necessary elements to support the allegations. For example, Defendant's assertion that Plaintiff's claims are barred by "applicable statutes of limitations or suit limitation provisions" does not identify the applicable statute or provision or specify the time period within which suit could be brought. Similarly, Defendant's accord and satisfaction defense is bereft of factual content in support of or identifying the elements Defendant intends to prove. As for the eighteenth affirmative defense, whether or not the doctrine of unjust enrichment is germane to the parties' insurance coverage dispute, the affirmative defense as now stated pleads no facts explaining how it would apply. Therefore, the bare doctrinal assertions comprising the second, third, and eighteenth defenses will be stricken.

D. <u>Fourth, Fifth, Sixth, Tenth, Twelfth, Thirteenth, Fourteenth, and Nineteenth Affirmative Defenses</u>

Plaintiff argues that these eight affirmative defenses, like the bare doctrinal statements

discussed above, are conclusory assertions lacking factual support. The defenses enumerated above all rest on variations of four alleged acts or omissions on Plaintiff's part: that she "failed to comply with all terms and conditions" of the contract, "failed to mitigate her damages," "failed to take all reasonable means to secure the property after the loss and protect it from further loss," and "first breach[ed] the contract." However, nowhere in Defendant's responsive pleading does Defendant specify any particular omission or breach on the part of Plaintiff, leaving her no notice as to what she allegedly failed to do, what contract condition she failed to meet, or what "reasonable means to secure the property" Defendant believes she did not undertake. Because they are completely lacking in factual support, these affirmative defenses will be stricken.

  E.  <u>Seventh and Ninth Affirmative Defenses</u>

Plaintiff, while making no arguments specific to these two affirmative defenses, groups them among the eighteen defenses she contends are no more than bare-bones, conclusory allegations. The seventh affirmative defense states that "Plaintiff's claim for bad faith against Auto-Owners is frivolous and without merit as Auto-Owners had a reasonable basis on which to deny coverage." Like the defenses related to Plaintiff's acts and omissions, this affirmative defense lacks any factual basis sufficient to provide notice as to what Defendant believes its "reasonable basis on which to deny coverage" was, and what facts it will seek to prove. Similarly, the ninth affirmative defense, which states, "Auto-Owners is entitled to a credit for prior payments advanced to Plaintiff under the Auto-Owners policy," omits any suggestion as to why Defendant believes it is entitled to the credit. Because these statements do not put Plaintiff on reasonable notice as to the elements Defendant intends to prove, they will be stricken.

  F.  <u>Fifteenth, Sixteenth, and Seventeenth Affirmative Defenses</u>

Plaintiff also considers these defenses conclusory. They read as follows:

> 15. There is no coverage for the claims alleged in Plaintiff's complaint under the Auto-Owners Policy because the claims are excluded under the Policy's express exclusion of coverage for damages caused by or contributed to by any power, heating, or cooling failure or interruption.
>
> 16. There is no coverage for the claims alleged in Plaintiff's complaint under the Auto-Owners Policy because the claims are excluded under the Policy's express exclusion of coverage for any loss caused by or contributed to by the freezing of plumbing systems while the building is vacant or unoccupied when the insured does not shut off the water supply and drain the systems and appliances.
>
> 17. There is no coverage for the claims alleged in Plaintiff's Complaint under the Auto-Owners Policy because the claims are excluded under the Policy's express exclusion of coverage for any loss caused by or contributed to by the freezing of plumbing systems while the building is unoccupied when the insured fails to maintain heat in the building.

While certain facts in these affirmative defenses are not specifically pled, the defenses themselves contain sufficient detail to put Plaintiff on notice as to what facts Defendant will seek to prove in its defense. These defenses will therefore not be stricken.

### G. Twentieth Affirmative Defense

Plaintiff makes no argument specific to the twentieth affirmative defense, which denies coverage "to the extent that the insured has other valid and collectable insurance or other insurance available to the insured," instead grouping it among the defenses she contends are bare-bones and conclusory. This affirmative defense puts Plaintiff on notice as to one of Defendant's intended grounds for denying coverage. Given that the existence or identity of any additional policy of insurance held by the insured is a fact more likely to be in Plaintiff's control than in Defendant's, the Court finds that this affirmative defense is sufficiently pled.

**III.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS in part** Plaintiff's Motion to Strike Affirmative Defenses [DE 20] and **ORDERS** that Defendant's second, third, fourth, fifth, sixth, seventh, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, eighteenth, and nineteenth affirmative defenses are hereby **STRICKEN**. The first, eighth, fifteenth, sixteenth, seventeenth, and twentieth affirmative defenses remain.

SO ORDERED this 9th day of April, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record